MICHAEL P. YOUNG et al., Plaintiffs, *v.* CLARENCE E. WITHERSPOON, Defendant.

Supreme Court, Special and Trial Term, New York County, May 18, 1962.

*Bennett Frankel* for plaintiffs. *Brodek & Eisner* for defendant.

SAUL S. STREIT, J. Motion by plaintiffs, denominated as one to reconsider plaintiffs' motion to restore the case to the calendar on the basis of an additional document, will be treated as a motion for leave to reargue. Leave to reargue is granted and upon reargument, the order dated April 26, 1962 is recalled. The additional document is a copy of an affidavit by the plaintiff Young, since deceased, heretofore submitted in opposition to

a motion for summary judgment. This action is predicated upon the alleged fraud of the defendant in inducing the plaintiffs to exchange their common stock for the preferred stock of a corporation of which the defendant was the majority stockholder. On March 6, 1961, six days after the joinder of issue, plaintiffs filed a note of issue and statement of readiness and on April 4, 1961, the action was stricken from the calendar to afford the defendant an opportunity to complete his pretrial proceedings. On January 2, 1962, a motion to restore the action to the calendar was denied, as the plaintiff, Young, had died and his representative had not yet been substituted. The original motion was made prior to the expiration of one year from the date the action was stricken. Three of the plaintiffs have settled their claims and the remaining plaintiffs consist of an executrix and an administrator, neither of whom has personal knowledge of the cause of action set forth in the complaint. Plaintiffs claim all pretrial proceedings have been completed, except for the examination before trial of the administrator, McCormack.

Defendant urges the motion should be denied because, among other reasons, the plaintiffs have failed to submit an affidavit of merits and the alleged fraud is incapable of proof. In this connection, it may be noted that the affidavit of Young referred to above was submitted on defendant's motion for summary judgment and that this motion was denied, except as to one plaintiff, on November 6, 1961. A second such motion, made after the death of Young, the principal plaintiff, was denied on February 14, 1962, and on reargument, the court adhered to its denial. The court stated: "The cases on which defendant relies merely stand for the proposition that on a defendant's motion a plaintiff must come forward with competent proof showing merit in order to defeat defendant's motion and this the plaintiff, Young, did when he was living and on the occasion of the first motion; that at the time of the trial, the worst that may happen will be that no one will be there to speak and plaintiffs may be unable to prove their case; that this is not a hardship which defendant should consider unjust." While a notice of appeal from this order has been served, it does not appear whether this appeal is being prosecuted. The plaintiffs should not be deprived of their day in court solely by reason of their inability to present an affidavit containing personal knowledge of the cause of action set forth in the complaint.

Defendant has detailed at length the proceedings taken by him and claims that through no fault on his part he has not completed his pretrial proceedings. The examinations before

trial of the two remaining plaintiffs have not yet been taken, although defendant has indicated he does not desire to take the examination of the executrix, Lillian Young. Defendant's attorney also alleges it may be necessary to take the deposition of the defendant.

The action has in the interim been dismissed pursuant to the automatic operation of rule 302 of the Rules of Civil Practice. Under that branch of the motion seeking such other and further relief, the court will treat the motion as additionally seeking an order to vacate the dismissal (*Radar-Electronics* v. *Oscar Leventhal, Inc.*, 8 A D 2d 778). It is apparent that the plaintiffs have never evinced any intent to abandon this litigation but have been actively engaged herein (*Marco* v. *Sachs*, 10 N Y 2d 542).

The motion is granted to the extent of vacating the dismissal and granting plaintiffs leave to apply for restoration by September 4, 1962, prior to which date the defendant is to complete his pretrial proceedings.